IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**KENNETH SHIRAH, SR.,**
      Petitioner,

vs.                                                         Case No.: 5:08cv309/RS/MD

**BILL MCCOLLUM**,
      Respondent.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Petitioner commenced this action on October 3, 2008 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his 1993 conviction of "sexual activity with [his] children," asserting that there was insufficient evidence to convict him and that he has newly discovered evidence that he did not abuse his children. (*Id.*, pp. 4-5). As relief, petitioner seeks the appointment of counsel and an order barring any further *pro se* filings in his underlying criminal cases (Holmes County case numbers 92-00178 and 93-00030). (*Id.*, p. 6).

Upon initial screening by the undersigned, it was noted that three of the exhibits attached to the petition contained private, sensitive information about non-parties, some of whom might be minors. Accordingly, on October 28, 2008, the court entered an order (doc. 3) requiring petitioner to submit redacted copies of the three exhibits for the public record.[1] In that same order, petitioner was directed to submit one identical service copy of his petition, with unredacted attachments. Petitioner

---

[1] The originals remain sealed. (Doc. 1, Sealed Attachments).

was provided thirty days in which to comply with the order, and warned that his failure to do so would result in a recommendation of dismissal of this action.

Thereafter, petitioner attempted to file various non-complying documents, all of which were returned to him without filing. (*See* Docs. 4, 5, 6). The time for petitioner to comply with the court's October 28, 2008 order passed without petitioner submitting the required service copy or redacted exhibits. Accordingly, on December 9, 2008 the court issued an order directing petitioner to show cause, within twenty days, why his case should not be dismissed for failure to comply with an order of the court. (Doc. 7). In response, petitioner filed a document titled "Title of Your Pleading," in which he requested "relief from sexual offender under s. 944.606 F.S. and s. 944.607 F.S., FL. Dept. of FDLE and Sexual Offender/Predator website." (Doc. 9). Attached to the document was a copy of the court's Order to Show Cause, and a letter addressed to petitioner, dated May 17, 1993, from the District Administrator of the State of Florida Department of Health and Rehabilitative Services. Petitioner's document is wholly unresponsive to the court's orders.

Over sixty days has elapsed since entry of the court's October 28, 2008 order, and petitioner has neither complied nor explained why compliance is not possible.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** for petitioner's failure to comply with an order of the court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of December, 2008.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:08cv309/RS/MD*